STATE *ex rel.* ORMES *v.* TENNESSEE FINANCE Co. *et al.*

(*Nashville.* December Term, 1924.)

LICENSES. Party engaged in business declared privilege liable to tax, though also engaged in other business.

The fact that a party does other business than that declared a privilege and so taxed does not relieve him of the obligation to pay the tax, if he also engages in the business declared a privilege, and in such case a few transactions, or even a single transaction, may fix liability.

Case cited and approved: Spicer v. King Bros. & Co., 136 Tenn., 408.

Case cited and distinguished: McWhite v. State, 143 Tenn., 225.

---

FROM DAVIDSON.

---

On petition for rehearing. Petition dismissed.

Appeal from the Chancery Court of Davidson County. —HON. JOHN R. AUST, Chancellor.

SETH M. WALKER and LURTON GOODPASTURE, for the State.

H. H. BARR, A. J. GRIGSBY, JR., C. H. RUTHERFORD, and J. G. LACKEY, for Finance Co.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This petition presents an elaborate and able reargument of those matters only which have been heretofore considered and passed upon. *Spicer* v. *King Bros. & Co.,*

136 Tenn., 408, 189 S. W., 865, was originally relied on. A re-examination of that case confirms the view that it is not controlling here. It was said in *McWhite* v. *State,* 143 Tenn., 225, 221 S. W., 543, that: "On the papers such a transaction is not a loan. It is an assignment of wages which has been upheld by this court."

However, the court proceeded to approve the finding of the jury that the "real transaction was a loan" in that case, and the facts set forth are essentially similar to those appearing herein, with respect to some of the transactions had. The facts in *Spicer* v. *King Bros. & Co.,* supra, justified that holding. But in the case at bar, as found in *McWhite* v. *State,* supra, we were convinced, looking through the forms used, and beyond the face of the papers, that many of the transactions had were in reality advancements, or loans, against assignments of wages as security. Further review of the evidence confirms us in this conclusion. So construing these transactions, we found it to be immaterial whether or not all, or the greater part, of the business of the Finance Company was of this particular character. The fact that a party does other business than that declared a privilege and so taxed does not relieve him of the obligation to pay the tax, if he engages also in the business declared a privilege; and the holding that a few transactions, or even a single transaction, may fix liability is applicable to such a situation.

We find it necessary to dismiss this petition, conceding that an absolute and unconditional sale of wages, as distinguished from a loan or advance of money at a discount, may be made, but reaffirming the holding that on the facts of this case (1) petitioner was engaged in the

State ex rel. v. Tenn. Finance Co.

business—even if not exclusively or even chiefly—of loan agents; and (2) at the rates prescribed by the privilege statute; and (3) that liability therefore arose for payment of the tax fixed.